PER CURIAM.
Kevin J. Madden challenges the trial court’s denial of his timely motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the trial court’s rejection of his claims describing the ineffectiveness of his trial counsel, the involuntariness of his pleas, and the consecutive nature of his probationary term. We dismiss that part of his appeal that seeks review of the trial court’s purported failure to rule upon a previously filed motion to withdraw his pleas, without prejudice to Madden to direct this court’s attention to this problem by means of a petition for writ of mandamus. Madden does raise one issue of consequence, the failure of the trial court to award him sufficient credit for time served, upon which we reverse.
In his motion, Madden claims to have accumulated the following credit for time served on the prison sentence in case number 97-9866 that resulted from a finding that he violated his probation: 221 days served awaiting trial on the substantive charges of leaving the scene of an accident with injuries and driving with license suspended; sixty days served as a condition of probation on those charges; thirteen days served after he was served with the violation warrant before posting bond; and 320 days served after his bond was revoked until sentence was imposed for the violation of probation.[1] The trial court *248 denied this claim by concluding without record support that he was properly awarded credit for 125 days. We are unable to determine from the summary record whether Madden in fact was incarcerated in this trial court case number on any of the enumerated occasions, and, if he was, what basis there would be to deny him credit for the time so served.
Accordingly, we reverse and direct the trial court to consider again his claim for credit for time served, and, if the trial court summarily determines he is not entitled to further credit, it shall attach to its order record attachments refuting Madden’s claim.
Affirmed in part; dismissed in part; and reversed in part.
THREADGILL, A.C.J., and GREEN, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.

. We do not include in this list the three days that Madden claims is his entitlement for time spent in jail for new offenses that served as *248 one of the bases for his subsequent violation of probation.